UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANETIRONY CLERVRAIN,

        Plaintiff,

-against-

ANDREW MARK CUOMO, *et al.*,

        Defendants.

19-CV-3625 (CM)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a prisoner at Big Spring Correctional Center in Big Spring, Texas, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP. *See Clervrain v. Keller*, No. 18-CV-1854 (AT) (CMS) (N.D. Ga. June 4, 2018); *Clervrain v. Coraway*, No. 18-CV-0819 (AJF) (DLH) (S.D. Ga. Dec. 3, 2018) (dismissing complaint with prejudice for failure to state a claim); *Clervain v. Sessions*, No. 17-CV-1858 (UNA) (D.D.C. Dec. 28, 2017) (dismissing complaint for

failure to state a claim and as frivolous). Because Plaintiff is barred under § 1915(g), unless he is "under imminent danger of serious physical injury," he must pay the filing fee.

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury[1] Instead, Plaintiff brings this largely incomprehensible complaint, which is a compilation of various filings he has submitted to other Courts. He sues Governor Andrew Cuomo, Secretary of State Rossana Rosado, and former Attorney General Eric Schneiderman, although he does not appear to have any connection to the State of New York. He also sues former Acting Director of Immigration and Customs Enforcement John Sandweg, without making any allegations about what he did or failed to do.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[2]

## CONCLUSION

The Clerk of Court is directed to assign this case to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 25, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff is not barred from filing a new case by prepaying the filing fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the first and last name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____     _____
Executed on (date)                Signature

_____     _____
Name                              Prison Identification # (if incarcerated)

_____     _____
Address            City                State       Zip Code

_____     _____
Telephone Number (if available)   E-mail Address (if available)